**Slip Op. 08-113**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

Jinxiang Dong Yun Freezing Storage Co., Ltd.,
Shanghai LJ International Trading Co., Ltd.,
Henan Xiangcheng Sunny Foodstuff Factory,
Henan Weite Industrial Co., Ltd. And Taian
Ziyang Food Company Ltd.,

          Plaintiffs,

      v.

United States,

          Defendant,

      and

Fresh Garlic Producers Association, et al.,

          Defendant-Intervenors.

**Before: Gregory W. Carman, Judge**

Consol. Court No. 08-00211

**MEMORANDUM & ORDER**

Before the Court is Plaintiff's Partial Consent Motion To Stay Pending A Final Decision In <u>Fresh Garlic Producers Ass'n, et al. v. United States</u>, Consol. Ct. No. 07-00277 and Plaintiffs' Alternative Motion For An Enlargement Of Time, and Defendant's Opposition To A Motion For A Stay.

Upon consideration of all the papers submitted and upon due deliberation, the Court finds the following:

"[T]he power to stay [a proceeding] is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants. <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936); <u>Cherokee Nation of Okla. v. United States</u>, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("When and how to stay proceedings is within the sound discretion of the trial court.").

<u>See also</u> USCIT R. 86.1 ("A judge may regulate practice in any manner consistent with federal law and the rules of the court adopted under 28 U.S.C. § 2633(b).").

In exercising this discretion, a court "must weigh competing interests and maintain an even balance," taking into account those interests of all the parties involved, the public at-large, and the Court institutionally. <u>Landis</u>, 299 U.S. at 254-55; <u>Georgetown Steel Co. v. United States</u>, 259 F. Supp.2d 1344, 1346 (CIT 2003). In order to grant a stay, the court must be satisfied that the moving party made out "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." <u>Landis</u>, 299 U.S. at 255; <u>see also</u> <u>Tak Fat Trading Co. v. United States</u>, 24 C.I.T. 1376, 1377 (2000) ("[A] movant must make a strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed.") (internal quotes and citation omitted).

Plaintiffs' ground their argument for a stay on the fact that there are three disputed legal issues in this case that are in common with cases presently under review in Court No. 06-00189 (Ridgway, J.) and Consol. Ct. No. 07-00277 (Ridgway, J.). (Pl. Mot. For Stay at 4.) Plaintiffs then aver that "no further resources be expended in this case until" determinations are rendered in the actions before the Honorable Delissa A. Ridgway in order to promote "judicial efficiency." (<u>Id.</u>) Plaintiffs conclude that such a stay "will cause no damage or have prejudicial effect upon the plaintiffs or defendant." (<u>Id.</u> at 3.) In opposition, Defendant alleges that if the Court were to grant a stay, it would "create inefficiencies for the Government." (Def.'s Opp. To Mot. For Stay at 5.)

This Court finds that Plaintiffs have failed to meet the standard for a stay set out in case law. A stay will not ordinarily be granted upon the mere representation that no damage or prejudice will result from its issuance, but upon a clear showing by the moving party that a hardship or inequity will result if the case proceeds. <u>See</u> <u>Landis</u>, 299 U.S. at 255; <u>Tak Fat Trading Co.</u>, 24 C.I.T. at 1377. Absent a "strong showing" by Plaintiff that a stay in this action is vital or appropriate, Plaintiffs' request must fail. <u>Georgetown Steel Co.</u>, 259 F. Supp.2d at 1347. Accordingly, based upon the arguments presented by Plaintiffs, the Defendant's opposition thereto, and balancing the equities and interests of all parties, this Court holds that the request for a stay is **DENIED**.

In the alternative, Plaintiffs have moved for enlargement of time subject to a proposed scheduling order, submitted on consent. Pursuant to USCIT Rules 1, 16, and 56.2, this Court holds that, for good cause shown, Plaintiffs' Alternative Motion For Enlargement Of Time is **GRANTED**.

As some dates in the proposed Joint Scheduling Order have passed since the pendency of Plaintiffs' Motion For A Stay, the Court hereby orders the parties to submit a proposed Revised Joint Scheduling Order, on consent if possible, no later than October 31, 2008 for consideration by the Court.

**SO ORDERED.**

_/s/ Gregory W. Carman_
Gregory W. Carman, Judge

Dated: October 21, 2008
New York, New York